PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

FRANK P. WOOD,          )

                    )    CASE NO.  1:09CV00044

         Petitioner,     )

                    )

       v.            )    JUDGE BENITA Y. PEARSON

                    )

RICHARD HALL, Warden,    )    **MEMORANDUM OF OPINION**

                    )    **AND ORDER**

         Respondent.    )

## I.  Introduction

Before the Court is the Report and Recommendation (ECF No. 13) of Magistrate Judge McHargh, recommending that Petitioner Frank P. Wood's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) be dismissed.  Wood filed Objections to the Magistrate Judge's Report.  ECF No. 15.  For the reasons discussed below, the Court adopts the Report and Recommendation.

### II.  Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

(1:09CV00044)

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

### III.  Discussion

The instant petition arises out of Wood's 2004 convictions for rape and gross sexual imposition of two minor children in the Medina County (Ohio) Court of Common Pleas.  In his petition, Wood raises five grounds for relief. The first two grounds are based upon a claim of receiving ineffective assistance of trial counsel.  The third ground involves a similar claim of receiving ineffective assistance of appellate counsel.  The fourth ground challenges an evidentiary ruling by the State Court. And the fifth ground is a sufficiency of the evidence claim. ECF No. 1-1.  The Court will first address the ineffective assistance of counsel claims.

### A.  Legal Standard for Claim of Ineffective Assistance of Assistance

To demonstrate that a petitioner was denied the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two prong test outlined in Supreme Court case, *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. at 687.  In so doing, the petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  *Id.*  In other words, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  *Strickland*, 466 U.S. at 689. Second, the petitioner must show that such performance prejudiced his defense.  *Id.*  To

2

(1:09CV00044)

demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one.  The likelihood

of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d

372, 379 (6th Cir. 2011) (internal quotations and citations omitted).  The Supreme Court's

holding in *Strickland* places the burden on the petiener who raises a claim of ineffective

assistance of counsel, and not the State, to show a reasonable probability that the result of the

proceeding would have been different, but for counsel's allegedly deficient performance.  *See*

*Wong v. Belmontes*, 130 S. Ct. 383, 390-91, 175 L. Ed. 2d 328 (2009).  The *Strickland* standard

also applies to claims of ineffective assistance of appellate counsel.  *See Whiting v. Burt*, 395 F.

3d 602, 617 (6th Cir. 2005).

### 1.  Ineffective Assistance of Trial Counsel

Petitioners first two grounds of relief are based upon the allegation that Wood recieved

ineffective assistance of trial counsel due to his co-counsel's prior representation of the mother of

one of the victims in the case, who was also a key witness in the trial.  ECF No. 1-1 at 8-9.

In his Objection, Petitioner contends that the conflict of interest amounted to *per se*

violations of his Sixth Amendment right to counsel.  He contends that the Magistrate Judge erred

by concluding that Wood was required to show evidence that he was prejudiced as a result of his

counsel's representation in order to sustain his claim.  Relying upon *Cuyler v. Sullivan*, 446 U.S.

335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), Wood argues that a showing of prejudice is

presumed in this case, in light of the State court's  recognition that a conflict of interest exists.

(1:09CV00044)

ECF No. 15 at 13-17.  The Court disagrees.

For a claim of ineffective assistance of counsel, a petitioner must ordinarily prove two components: (1) counsel's performance was deficient; and (2) resulting prejudice, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Under *Cuyler*, when Counsel is burdened by an actual conflict of interest, Courts may presume prejudice, the second component of the test, but only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland,* 466 U.S. at 692 (quoting *Cuyler*, 446 U.S. at 350).

In the instant case, the State court ultimately determined that Wood's claim failed because he had not established the prejudice prong in *Strickland*.  The Court specifically rejected Wood's assertion that he was entitled to a presumption of prejudice, based on its view that even if the Court assumed that a conflict existed, Wood had not met his burden of showing that the alleged conflict had an adverse consequence, as required under *Cuyler*.  In support of this finding, the State court noted that Wood's co-counsel informed the Court that he was "second chair" and therefore was "not doing the trial."  The Court therefore reasoned that because the attorney ceased providing any active assistance of counsel to Wood after the relationship was exposed and Wood still had representation from his primary counsel, Wood could not argue that he was adversely affected.  ECF No. 6-1 at 101-06.

4

(1:09CV00044)

Although Wood disputes this conclusion, arguing that "'no assistance' is 'ineffective assistance'" (ECF No. 15 at 14) insinuating that his co-counsel's inaction is sufficient to establish the second prong in the presumption of prejudice test, he fails to identify any clearly established federal law, as determined by the Supreme Court, that the Ohio appellate court contradicted or unreasonably applied in rejecting this argument. *See Williams v. Taylor,* 529 U.S. 362, 404-05 (2000). Accordingly, the Court concurs with the Magistrate Judge's conclusion finding that the State court's ruling was not an unreasonable application of, or contrary to, Supreme Court precedent. Wood's objection is therefore overruled.

### 2. Ineffective Assistance of Appellate Counsel

Wood's third ground of relief is based upon the allegation that he was denied the effective assistance of appellate counsel because his counsel failed to raise the following four issues discussed below on direct review:

### a. Subclaim 1

Wood first contends that his appellate counsel was ineffective for failing to challenge his trial counsel's ineffectiveness in neglecting to object to the State's use of subsequent other acts testimony. ECF No. 1-1. This subclaim is premised upon the allegation that "[d]uring trial, the prosecutor introduced a significant amount of testimony of an unindicted allegation, of an additional rape [of one of the victims alleged] to have been committed by [petitioner on October 20, 2005]." ECF No. 6-1 at 188. Wood argues that the admission of this testimony specifically "mislead the jury in their adjudication on the indicted charge of rape" (ECF No. 6-1 at 191) for which the indictment/bill of particulars specifies occurred on or about October 1, 2005 through

5

(1:09CV00044)

October 3, 2004 (ECF No. 9-1 at 2).

The Ohio appellate Court held that Wood's claim failed because he had not established that he was prejudiced by his appellate counsel's alleged oversight.  The State court's determination rested on its view that there was an overwhelming amount of evidence establishing Wood's guilt for the specific charges for which he was convicted.  The Court therefore reasoned that there lacked a reasonable probability that Wood would have been successful on appeal had the issue been raised.  ECF No. 6-1 at 203-05.  The Magistrate Judge found the State court's reasoning persuasive.  ECF No. 13 at 16.

In the objections presented to the Court, Wood contests the State court's determination that there was "ample evidence" establishing his guilt.  He avers that the trial record contains evidence establishing his innocence, and attempts to prove this point by highlighting witness testimony that he believes is inconsistent to a finding of guilt.  He further contends that contrary to both the Ohio appellate court and Magistrate Judge's finding, he has established "prejudice as he is currently 'serving a LIFE-SENTENCE for an alleged crime that he was not even present for.'"  ECF No. 15 at 18-20.

The Court finds Wood's arguments unavailing.  First, Wood's argument is based upon a faulty assumption: there was insufficient evidence to sustain his convictions.  As indicated in the Court's discussion of Wood's fifth ground for relief, this argument lacks merit.

Moreover, Wood's assertions are also based upon a faulty understanding of the law.  One cannot demonstrate prejudice under *Strickland* by merely claiming that one is in prison unlawfully. Rather, prejudice must be established by showing that, but for appellate counsel's

6

(1:09CV00044)

error, the result of the state court proceeding would have been different.  *See Strickland*, 466 U.S. at 689.  Wood has not made that showing here.

As noted by the Magistrate Judge there was significant amount of testimony introduced at trial indicating Wood's guilt, specifically with respect to the rape charge.  ECF No. 13 at 28-30. Particularly damaging to the defense was testimony from the victim as well as other witnesses indicating that the victim was not only repeatedly raped, but was also raped a few days before her birthday party[1], which according to Wood took place during October 1st through October 3rd, 2004[2].  Thus, contrary to Wood's assertion, the record contains substantial evidence that Wood committed rape "on or about" the time period specified in the indictment:  October 1st through October 3rd.  *See United States v. Manning*, 142 F.3d 336, 338-39 (6th Cir. 1998) (conviction affirmed where indictment alleged crime occurred "on or about" September 6, 1995 and evidence showed conduct occurred slightly more than one month earlier); *see also United States v. Ford*, 872 F.2d 1231, 1236 (6th Cir. 1989) (holding that proof of the exact date of an offense is not required, as long as a date "reasonably near" that named in the indictment is established). It is therefore highly unlikely that had the alleged subsequent other acts testimony been excluded, Wood's outcome would have been any different.  Accordingly, the State court's adjudication of the petitioner's claim was neither contrary to, nor an unreasonable application of *Strickland*. Wood's objection is therefore overruled.

---

[1]  *See* Transcript, 54, 171-72, 229-32, 237, 248

[2]  ECF No. 15 at 19.

7

(1:09CV00044)

### b.  Subclaim 2

Wood's second subclaim is based upon his averment that appellate counsel denied him effective assistance by failing to challenge trial counsel's error in not objecting to certain comments made by the prosecution. Wood specifically alleges that the prosecution's comments shifted the burden of proof during closing argument and insinuated that his defense counsel found Wood to be guilty.  ECF No 1-1 at 18-19.  Wood specifically points to the following statement by the prosecutor:

> So what did we give you? We gave you facts. We gave you evidence. We gave you testimony. We gave you things that dovetailed and fit and that you can rely on. What has the defense given you? His opening statements were not evidence. His closing argument is not evidence. And folks, most importantly, you need to remember that his questions are not evidence. His questions were the very definition of innuendo, with no evidence to support them. None.

ECF No. 6-4 at 69-70.

Wood points to the following additional statement as further proof substantiating his claim:

> We have a defense like this. "Well, it happened, but it did not happen here and here". . . But what you as a jury, must remember is that the State of Ohio has given you cold evidence. Hard evidence. Evidence that you got to see. Evidence you got to interpret. Evidence that you get to judge. Not questions, not innuendo, not imaginary concocted plots.

ECF No. 6-4 at 70-71.

Wood contends that his appellate counsel's failure to challenge these comments on direct appeal amounted to ineffective assistance.  The Ohio appellate court concluded that Wood's claim lacked merit based on its finding that Wood failed to meet either prong of *Strickland*: Wood had not established a showing of prejudice as a result of the alleged oversight nor had he established that the performance failed below an objective standard of reasonableness.  ECF No.

8

(1:09CV00044)

6-1 at 205-06.  The Magistrate Judge held that the State Court's decision was not an objectively

unreasonable application of Supreme Court precedent.  ECF No. 15-20.

Wood objects to these findings on the basis that the reviewing Court allegedly failed to

acknowledge the trial record as a whole in reviewing the comments.  He contends that a more

expansive review of the record confirms that the comments impermissibly shifted the burden of

proof to the defense and insinuated that his defense counsel assumed he was guilty, which he

alleges constitutes irreversible error.  ECF No. 15 at 20-22.  The Court disagrees.

"The relevant question in analyzing a claim for prosecutorial misconduct on habeas

review is whether the prosecutors' comments so infected the trial with unfairness as to make the

resulting conviction a denial of due process."  *Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008)

(internal quotation marks and citations omitted).  The Court must first determine whether the

prosecutors' statements were in fact improper.  *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir.

2006).  If they were, then a four-factor test is applied to determine whether the impropriety was

flagrant.  *Id.*  In determining flagrancy, the court asks (1) whether the evidence against the

petitioner was strong, (2) whether the conduct of the prosecution tended to mislead the jury or

prejudice the defendant, (3) whether the remarks were isolated or extensive, and (4) whether the

remarks were made deliberately or accidentally.  *See Irick v. Bell*, 565 F. 3d 315, 324 (6th Cir.

2009).

With regards to Wood's argument that the comments shifted the burden of proof, the

Court finds that its inquiry need not extend beyond the first prong of the prosecutorial

misconduct analysis as the prosecutor's statements cannot be said to be improper.  Contrary to

9

(1:09CV00044)

Wood's assertion, the remarks do not suggest that Wood had the burden to prove that he was innocent.  Reviewing the comments within the context in which they were made, it is clear that comments were uttered in response to the arguments made by the defense counsel, which are permissible.  *See Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000) ("Case law permits comments that are made in response to the argument and strategy of defense counsel.") (internal quotation marks and citations omitted); *see also United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("[W]here the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal.").  In closing arguments, defense counsel attempted to demonstrate that the State had not met its burden of proof by (1) reminding the jury of various witnesses' responses to questions posed by the Defense and (2) by  posing a series of rhetorical questions to the jury tending to negate, or offer alternative theories to, evidence presented by the State.  ECF No. 6-4 at 48-68.  Thus, the prosecutor appropriately responded in its rebuttal by attempting to demonstrate to the jury that the defense's arguments were not persuasive and that the State had sufficiently established Wood's  guilt.

Also important to note is that prior to the start of closing arguments, the trial judge instructed the jury that the closing arguments were not to be considered evidence.  ECF No. 6-4 at 35-37.  Thus, the prosecution's comments instructing the jury not to consider defense counsel's statements as such were based in truth and were not objectionable.[3]  Moreover, the

---

[3]  *See also Byrd v. Collins*, 209 F.3d 486, 537 (6th Cir. 2000) ( "[T]he trial judge instructed the jury immediately after closing arguments that the arguments of the attorneys were not evidence. This Court has noted that where the court instructs the jury in this fashion, such instructions have sometimes been deemed to cure improprieties in

(continued...)

10

(1:09CV00044)

record indicates that the trial court clearly and properly instructed the jury that the government

bore the burden of establishing Wood's guilt beyond a reasonable doubt.  ECF No. 6-4 at 82-87.

With regard to Wood's second claim that the comments are proof that the prosecution

impermissibly argued that Wood's defense counsel believed Wood to be guilty, the Court finds

that this claim also lack merit.  Wood specifically points to the following comment to support his

assertion:  "We have a defense like this. 'Well, it happened, but it did not happen here and

here.'"  ECF No. 6-4 at 70.  However, the comments cannot be said to insinuate that defense

counsel believed its own client to be guilty, nor were the comments improper.  Taken in context,

the statement was a critique of defense counsel's trial strategy, not of defense counsel

themselves, which as indicated above is permissible.  *See Byrd,* 209 F.3d at 535.  Specifically,

the  Prosecution responded to defense counsel's strategy of refuting the evidence presented by the

State by arguing that there lacked certainty with regard to when the alleged sexual abuse took

place.  For instance, in attempt to discredit/discount the testimony of one of the victims'

psychologist, the defense acknowledged that the psychologist testified that the victim was

subjected to sexual abuse, but told the jury that "[w]e don't have a time and a place when it took

place."  ECF No. 6-4 at 56-57.

But even if the comment could be considered improper, Wood's claim still fails as he has

failed to show that the comment was so flagrant as to render his trial fundamentally unfair.  The

comment was isolated in nature, did not mislead the jury, and was inconsequential given the

---

³(...continued)
closing argument.") (quotations and internal citations omitted).

(1:09CV00044)

significant evidence of Wood's guilt.

Accordingly, since Wood's  underlying prosecutorial misconduct claim fails as the

comments cannot be said to have shifted the burden of proof or denigrated Wood's counsel,

Wood cannot argue that he was prejudiced by appellate counsel's failure to raise these issues.

His objections are therefore overruled.

### c.  Subclaim 3

Wood's third subclaim is based upon his averment that the following statements made by

the prosecutor denigrated Wood's co-counsel by and impermissibly attacked Wood's character:

> You heard [one of the victim's mothers] testify that during her divorce she was
> represented by [Defendant's co-counsel].  There's a reason he's sitting over there.
> . . He didn't participate.  He's sitting there to manipulate the system at the
> Defendant's instruction . . . to intimidate the witness that I have brought in here
> because he knows things.  If Frank Wood can manipulate the system, and rely on
> attorney's questions, imagine-imagine how he can manipulate two little girls.

ECF No. 6-4 at 71.

Although Wood alleged that his appellate counsel was ineffective for raising these issues

(ECF No. 6-1 at 196-97), the Ohio appellate court disagreed.  The State court noted that the

comments hinged upon the existence of a conflict interest of Wood's co-counsel and therefore

were directly related to three assignments of error that had been previously raised by Wood's

appellate counsel likewise involving the conflict of interest issue.  The Court therefore held that

Wood's appellate counsel's decision  to exclude this claim during direct review could not be

considered deficient or objectively unreasonable as counsel had discretion to limit his arguments

to the ones most likely to bear fruit.  ECF No. 6-1 at 205-06.

(1:09CV00044)

In Wood's brief, he presents a general objection to the Magistrate Judge's conclusion that the State court's ruling was not an unreasonable application of Supreme Court precedent and Wood therefore was not entitled to relief. ECF No. 13 at 16-17. Wood avers that the comment was clearly reversible error and violative of Supreme Court and Sixth Circuit caselaw indicating that "counsel cannot misstate evidence or make personal attacks on opposing counsel." *See United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001) (citing *United States v. Young*, 470 U.S. 1, 9 & n.7 (1985)).

Despite Wood's reliance on caselaw, the Court finds that Wood's claim lacks merit. The Supreme Court stated that appellate counsel is not ineffective for failing to raise every colorable claim. *See Jones v. Barnes*, 463 U.S. 745, 753-54 (1983). And as the Sixth Circuit recently observed, appellate counsel are presumed to have provided constitutionally sufficient assistance, and "'[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Poindexter v. Mitchell*, 454 F.3d 564, 585 (6th Cir. 2006) (quoting *Coleman v. Mitchell*, 268 F.3d 417, 430 (6th Cir. 2001). Here, Wood has failed to demonstrate why this claim that he alleges should have been raised, is clearly stronger than those appellate counsel actually raised. This is particularly true in light of the weakness of the instant claim. Specifically, even if the comments can be categorized as improper, they were not flagrant given that the comments were isolated and there was substantial evidence pointing to Wood's guilt. *See Irick*, 565 F.3d at 324. Thus, the comments were not so egregious as to render Wood's trial fundamentally unfair. *See Johnson*, 525 F.3d at 482. Wood's objection is therefore overruled.

13

(1:09CV00044)

### d. Subclaim 4

Wood's final subclaim is based upon the allegation that his appellate counsel failed to challenge testimony alleged to be violative of his Sixth Amendment right to confrontation. ECF No. 1-1 at 19.

However, as noted by the Magistrate Judge, this claim was not raised in Wood's Rule 26 (B) application to reopen. In light of this fact, the Magistrate Judge held that the claim was procedurally defaulted. After observing that Wood had not demonstrated "cause" for failing to present the claim in State court, the Magistrate Judge recommended denying the claim, in the absence of evidence indicating that the default was excused. ECF No. 13 at 17-18.

Although Wood concedes that the claim was not raised in State court, he argues that the recommendation of the Magistrate Judge is "misplaced." ECF No. 15 at 20. First, he contends that contrary to the Magistrate Judge's assertion, he was not required to establish either cause or prejudice to sustain his habeas claim, because the State waived the defense. He highlights that the defense was not raised by the State, but instead *sua sponte* addressed by the Magistrate Judge. Additionally, Wood argues that if the Court should rule in the alternative and find that both a showing of prejudice and cause are required to excuse the procedural default, he has established that showing here. He avers that "counsel may be deemed responsible for the default . . . [as counsel] should have advised [him] to raise this claim in his 26 (B) application." ECF No. 15 at 25-26.

It is true that "procedural default is normally a defense that the State is obligated to raise and preserv[e] if it is not to lose the right to assert the defense thereafter." *Trest v. Cain*, 522

14

(1:09CV00044)

U.S. 87, 89, 118 S. Ct. 478, 139 L. Ed. 2d 444 (1997). However, there is at least some authority to support a reviewing Court's decision to *sua sponte* raise a procedural default defense. *See Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000); *see also Walker v. Morrow*, 2012 U.S. App. Lexis 2092 (6th Cir. 2012) (stating that "the district court may have been allowed to raise a procedural default defense *sua sponte*"). Accordingly, the Court finds the Magistrate Judge's *sua sponte* procedural default analysis appropriate and therefore overrules Wood's objection on this issue.

Additionally, the Court concurs with the Magistrate Judge determination that Wood has not excused the procedural default. Constitutional claims that should have been raised in State court proceedings, but were not, will be barred by procedural default unless the petitioner demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously.[4] *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim is not itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). In the instant case, Wood failed to raise the claim that his appellate counsel was ineffective for failing to address this issue during a State court proceeding. Thus, his appellate counsel's alleged shortcomings cannot constitute cause for Wood's procedural default, because the claim itself is procedurally defaulted. Accordingly, Wood's claim fails. *See Smith v.*

---

[4] Alternatively, a petitioner may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622, (1998). Wood has not made a showing of actual innocence. Thus, his procedural defaulted claim is not subject for review for this additional reason.

(1:09CV00044)

*Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983) (noting that federal courts need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default).  His objection is therefore overruled.

### B.  Evidentiary Ruling

Wood's fourth ground of relief is based upon the allegation that he was prohibited from presenting expert testimony from a licensed psychologist in violation of the Sixth Amendment. ECF No. 1-1 at 22-23.  The Magistrate Judge correctly observed that the instant assignment of error was categorized as an issue of State law in the State proceedings and the State Court based its review on State law, rather than federal law.  The Magistrate Judge therefore concluded that this claim had been procedurally defaulted because the claim had not been fairly presented to the State court as a federal claim.[5]  ECF No. 13 at 19-23.

In his objections to the Court, Wood argues that his claim is nevertheless still subjected to federal habeas review because he has established cause and prejudice to excuse his procedural default.  He again avers that the ineffective assistance of his appellate counsel is to blame for his failure to fairly present this claim to the State courts.  ECF No. 15 at 28-29.

The Court rejects Wood's argument for the same reason espoused above.  As previously indicated by the Court, ineffective assistance of appellate counsel cannot serve as cause to excuse

---

[5]  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (holding that to preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999) (noting that a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement).

16

(1:09CV00044)

the procedural default when the claim itself has been procedurally defaulted.  *See Edwards*, 529

U.S. at 451-52.  In the instant case, the record lacks any indication that Wood presented an

ineffective assistance of appellate counsel claim addressing counsel's failure to fairly present the

instant claim in State court. Thus, his ineffective assistance of appellate counsel claim has been

procedurally defaulted. Wood therefore has not made a showing to excuse his procedural default

of his fourth ground of relief.  *See Smith*, 477 U.S. at 533; *Long*, 722 F.2d at 289.  Therefore, he

is not entitled to habeas relief and his objection is overruled.

### C.  Insufficiency of Evidence

In Wood's final ground for relief, he argues that the evidence produced at trial was

insufficient to prove the offense of vaginal intercourse beyond a reasonable doubt.  ECF No. 1-1

at 24.  The Magistrate Judge recommended that this claim be denied on the grounds that the State

court's decision concluding that the evidence was sufficient to support a conviction was not

contrary to Supreme Court precedent, *Jackson v. Virginia,* 443 U.S. 307, 316 (1979).  ECF No.

13 at 19-30.

Wood objects to the Magistrate Judge's analysis.  First, he contends that the Magistrate

Judge failed to recognize that the "State has forfeited its rights and privileges to contest Wood's

claim of insufficiency" because the State presented "two separate and distinct legal theories" as

to why Wood was not entitled to relief.  ECF No. 15 at 33-34.  In Respondent's return of writ,

the State argues that the instant claim fails because it is both procedurally defaulted and lacks

merit.  ECF No. 6 at 29.

17

(1:09CV00044)

The Court finds Wood's first argument unavailing.  The State is permitted to proffer more than one defense to Wood's ground for relief.  Thus, the State's assertion that the instant claim is not only procedurally defaulted, but lacks merit does not preclude this Court from analyzing whether Wood has presented a meritorious claim.  Wood has failed to point this Court to caselaw or other legal authority stating otherwise. Wood's objection on this issue is therefore overruled.

Second, Wood argues that the Magistrate Judge erred by concluding that the State Court did not apply *Jackson*.  He avers that the State court applied the correct legal standard, but failed only with respect to arriving at the correct conclusion:  that there lacked insufficient evidence to support his conviction.  ECF No. 15 at 34-37.

The Court disagrees with Wood's assessment.  The Magistrate Judge analyzed the State Court's sufficiency of the evidence determination under the "contrary to" clause of Section 2254(d)(1) after concluding that the State court did not apply the *Jackson v. Virginia* standard in evaluating Wood's claim.  Whether it can be said that the State court failed to apply *Jackson* to petitioner's claim is certainly debatable.  The Magistrate Judge concluded that the State Court had not based on the observation that the State court disposed of Wood's sufficiency of the evidence claim by determining that Wood had not established that his conviction was against the manifest weight of the evidence.  ECF No. 13 at 24-26.

However, when confronted with an analogous fact pattern, other courts in this circuit have reached the opposite conclusion–finding that a State court's evaluation of a sufficiency of the evidence claim through the lens of manifest weight of the evidence analysis could be construed as an application of *Johnson*.  *See Nash v. Eberlin*, 258 Fed. Appx. 761, 764-68 (6th

18

(1:09CV00044)

Cir. 2007); *Cox v. Warden*, 2011 U.S. Dist. Lexis 54189, *31-42 (S.D. Ohio 2011); *Hughes v. Warden, Chillicothe Corr. Inst.*, 2011 U.S. Dist. Lexis 54131, *9-14 (S.D. Ohio 2011). Based upon this conclusion, those courts applied a slightly different standard than the Magistrate Judge: they analyzed whether the State court's determination was an objectively unreasonable application of *Jackson* rather than whether the State court's decision was contrary to the Supreme Court precedent. *See Nash*, 258 Fed. Appx. at 764-68; *Cox*, 2011 U.S. Dist. Lexis 54189 at *31-42; *Hughes*, 2011 U.S. Dist. Lexis 54131 at *9-14.

Nevertheless, the argument that the Magistrate Judge erroneously analyzed the State court's determination by asking whether the decision was contrary to *Jackson*–not an unreasonable application of *Jackson*, as other courts have done in the past–is largely an argument of semantics. The Report and Recommendation reveals that the Magistrate Judge appropriately applied the standard enunciated in *Jackson*, which requires the Court to "determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson*, 443 U.S. at 319)

Additionally, the Magistrate Judge applied an additional level of review of the appellate court decision examining whether there was sufficient evidence to sustain Wood's conviction (ECF No. 13 at 30), which is also required in habeas review. *See Brown*, 567 F.3d at 205. Specifically, in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), the Sixth Circuit explained that after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), federal courts reviewing sufficiency of the evidence

19

(1:09CV00044)

claims are required to accord a double layer of deference to the State court's decision:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would.  First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See* Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury.  *See* United States v. Hilliard, 11 F.3d 618, 620 (6th Cir. 1993).  Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution.  Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable.  *See* 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 204-205 (6th Cir. 2009).

Applying that double standard here, reveals that Wood is not entitled to relief.[6]  Count One of the indictment charged Wood with rape, involving "sexual conduct" with a minor child under the age of ten, in violation of Ohio Rev. Code § 2907.02(A)(1)(b)(B).  Count Two of the indictment charged Wood with gross sexual imposition, involving "sexual contact" with a minor child under the age of thirteen, in violation of Ohio Rev. Code § 2907.05(A)(4. ).  ECF No. 13 at

---

[6]  Wood also objects to the Magistrate Judge's analysis on the grounds that the Magistrate Judge allegedly failed to analyze the instant claim pursuant to section 2254 (d)(2).  ECF No. 15 at 36.  However, the Court finds that this argument lacks merit, in light of the fact that the Magistrate Judge applied the double level of deference to the State court's sufficiency of the evidence review, which incorporates the section 2254(d)(2) standard.  *See Brown*, 567 F.3d at 204-205 (6th Cir. 2009) (explaining that for habeas review federal courts are to apply a double level of deference and citing to section 2254(d)(2) standard).

(1:09CV00044)

27.  Wood was found guilty of both offenses.

In the face of significant testimony pointing to Wood's guilt of the offenses, Wood asserts that the State failed to establish all of the elements of the offenses and he specifically asserts that that the State failed to establish that he engaged in either sexual contact or sexual conduct with the victims.  To support his assertions, he argues that record demonstrates that he had alibis absolving him from guilt.

First, he contends that he could not have committed the first charge of rape, on October 1st through October 3rd, the dates provided in the Indictment, because testimony indicates that the victim was not with Wood, but instead in Put-In-Bay for a birthday party during those specific dates.  ECF No. 15 at 39.  But as noted by the Magistrate Judge, the victim testified that she was raped repeatedly, including during dates that were minimally "reasonably near" the dates specified in the indictment.  ECF No. 13 at 29.  Thus, it cannot be said that Wood had an alibi, which absolves him from committing rape "on or about" October 1st through October 3rd.  *See United States v. Manning, 142 F.3d 336, 338-39 (6th Cir. 1998)* (conviction affirmed where indictment alleged crime occurred "on or about" September 6, 1995 and evidence showed conduct occurred slightly more than one month earlier); *see also United States v. Ford, 872 F.2d 1231, 1236 (6th Cir. 1989)* (holding that proof of the exact date of an offense is not required, as long as a date "reasonably near" that named in the indictment is established).  Wood's alibi therefore fails.

Wood also argues that his alibi was established during the trial based upon the lack of credibility of the witnesses that testified for the State.  In support of this assertion, he highlights

21

(1:09CV00044)

testimony in the record that he believes contain inconsistencies.  Although he concedes that the

Magistrate Judge dismissed his assertions, pursuant to caselaw instructing federal courts to not

reweigh evidence or resolve conflicts in testimony,[7] he contends that this instruction should not

be followed here, given the "cynical attitude of some of the jurors."  ECF No. 15 at 38.

 The Court finds Wood's argument unpersuasive as he has failed to cite any caselaw or

other authority instructing this Court to abandon the role that it has been assigned.  *See Walker v.*

*Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record

of historical facts that supports conflicting inferences must presume–even if it does not

affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the

prosecution, and must defer to that resolution.").  The jury's verdict and the Ohio appellate court

decision affirming that verdict were reasonable.  The trial testimony and evidence established

beyond a reasonable doubt that Wood committed the charged offenses.  Accordingly, habeas

relief is not warranted on this claim.

## IV.  Conclusion

 Wood's objections are overruled.  The Court hereby adopts the Report and

Recommendation (ECF No. 13). Wood's Petition for Habeas Corpus (ECF No. 1) is denied.

---

 [7] *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir.
2002)

(1:09CV00044)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


<u>    March 27, 2012    </u>              <u>   /s/ Benita Y. Pearson           </u>
Date                                       Benita Y. Pearson
                                           United States District Judge

23